IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STUART D. HOWARD, | ) | 4:12CV3194 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT P. HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Motion to Appoint Counsel (Filing No. 11) and Motion for Evidentiary Hearing (Filing No. 13). As discussed below, both Motions will be denied.

## I.  Motion for Evidentiary Hearing

Petitioner has requested that an evidentiary hearing be conducted on his claims. (Filing No. 13.) Rule 8(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states in pertinent part: "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). An evidentiary hearing may be held only when the habeas petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002) (internal quotation omitted).

Here, the court has not yet reviewed the Petition for Writ of Habeas Corpus, Respondent's Answer, or the State Court Records. Without reviewing these materials, the court is unable to determine whether an evidentiary hearing on Petitioner's claims

is necessary.  Accordingly, the court will deny Petitioner's Motion without prejudice. The court will reconsider Petitioner's Motion if, following review of the record in this matter, the court determines that an evidentiary hearing is necessary.  As such, Petitioner need not file additional motions for evidentiary hearings.

## II.    Motion to Appoint Counsel

Petitioner has asked for the appointment of counsel in this matter.  (Filing No. 11.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997)*.  As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required.  *See, e.g., Morris v. Dormire, 217 F.3d 556, 558-59 (8th Cir. 2000), cert. denied, 531 U.S. 984 (2000)*; *Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994)* (citations omitted).  *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.)  The court has carefully reviewed the record and finds that there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED THAT: Plaintiff's Motion to Appoint Counsel (Filing No. 11) and Motion for Evidentiary Hearing (Filing No. 13) are denied without prejudice.

DATED this 11th day of January, 2013.

BY THE COURT:

*Richard G. Kopf*

Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.